## KNUCKLES v. WEATHERSBY.
### No. 6135.

United States Court of Appeals for the District of Columbia.

Submitted May 10, 1934.

Decided June 4, 1934.

Alfred D. Smith, of Washington, D. C., for appellant.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Weathersby (appellee here) brought suit in the Supreme Court of the District for damages for personal injuries sustained in an automobile collision while a passenger in defendant's (appellant's) taxicab. Trial resulted in a verdict and judgment for plaintiff in the sum of $600.

The evidence disclosed that appellee "was injured on his right side, consisting of a sprain of the back, contusion of the arms, scalp, and chest, with auxiliary fractures of the fifth, sixth, and seventh ribs together with some concussion."

Appellee testified that immediately following the collision appellant's driver asked him if he was hurt, "and the next question was if I wanted to see a doctor, and I told him that I did. Then he asked me not to make any complaint or anything at all, that he would send me back home or carry me back home, and the company would look after me; that they was fully insured, and he — "

Thereupon counsel for appellant moved to withdraw a juror. Counsel for appellee disclaimed any responsibility for the statement concerning insurance, saying: "I never heard before that the cab was insured or that such a conversation took place. * * * I don't think it would prejudice the jury, and I think Your Honor can instruct them."

In his charge to the jury, the court said: "There was one incident in the case that I want to call to your attention because it was an error on the part of the plaintiff in making any statement of the case about there being insurance on the car. I don't know that it could be considered evidence, but there was a statement that something was said about the defendant's car being insured. Now, that hasn't a thing in the world to do with the case, and I hope you can put it entirely out of your minds and that you will not allow it to enter into the case in any manner, shape, or form, and I hope you will not allow it to. Your neighbor, if he wishes to, may drive his car with insurance on it, or without insurance; but if he does insure his car it ought not to be counted against him, in any manner, shape, or form. That is a contract he made with somebody else for his benefit and protection, and ought not to be in the case and has nothing in the world to do with the case and should be removed entirely from our minds, because we are trying a case for negligence and the case should be tried on that basis and this hasn't anything in the world to do with it."

It is the general rule "that if evidence which may have been taken in the course of a trial be withdrawn from the consideration of the jury by the direction of the presiding judge, that such direction cures any error which may have been committed by its introduction. Pennsylvania Co. v. Roy, 102 U. S. 452, 26 L. Ed. 141; Hopt v. Utah, 120 U. S. 430, 438, 7 S. Ct. 614, 30 L. Ed. 708. But yet there may be instances where such a strong impression has been made upon the minds of the jury by illegal and improper testimony, that its subsequent withdrawal will not remove the effect caused by its admission, and in that case the general objection may avail on appeal or writ of error." Throckmorton v. Holt, 180 U. S. 552, 567, 21 S. Ct. 474, 480, 45 L. Ed. 663.

In view of the extent of plaintiff's injuries, the small amount of the verdict, as well as the other circumstances in this case, it is our opinion that the unequivocal withdrawal of the evidence as to insurance by the court in its charge cured any possible harm that might have resulted.

The judgment is, therefore, affirmed, with costs.

Affirmed.

HITZ, Associate Justice, took no part in the decision of this case.